UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> V. ) <br> ) <br> NEIL S. CLARK, ) <br> ) <br> Defendant. ) | Criminal Action No. 3: 12-005-DCR <br><br> **MEMORANDUM OPINION <br> AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Neil Clark is currently serving a 214-month term of imprisonment for conspiracy to distribute oxycodone in violation of 21 U.S.C. §§ 841(a)(1) and 846.[1] [Record No. 61] The Bureau of Prisons estimates that he will be released on December 24, 2026.[2] However, Clark has now filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Record No. 98]

Clark's motion will be denied because he has not demonstrated that either extraordinary and compelling reasons support the request or that the relevant sentencing factors warrant a reduction.

---

[1]   Clark's unlawful conduct in the instant matter also constituted a violation of his conditions of supervised release in another matter before this Court, Lexington Criminal Action No. 5: 04-027-DCR. In that action, Clark admitted to conspiring to distribute 100 kilograms or more of marijuana. [Lexington Record No. 40] He was sentenced to a 60-month term of imprisonment, to be followed by 4 years of supervised release. [Lexington Record No. 59] Because he committed the instance offense while on supervised release, he received a sentence of 27 months' imprisonment; the sentence was to run consecutively with the 187-month term of imprisonment for the present action. [Record No. 61]

[2]   *Find and Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited June 22, 2021).

## I. Relevant Factual and Procedural Background

Clark devised a scheme to obtain large quantities of prescription medication for illegal distribution while on supervised release for conspiring to distribute hundreds of pounds of marijuana. [*See* Record No. 59, ¶ 3.] Between September 2010 and September 2011, he enticed individuals to travel to Florida and secure prescriptions for Oxycodone. [*Id*] Clark financed the trips and paid the costs of obtaining the drugs, with the understanding that he would take possession of the medication when the individuals returned to Kentucky. [*Id.*] Clark then facilitated the unlawful distribution of the pills. [*Id.*] He admitted this conduct in his plea agreement.

During the sentencing hearing, Clark was determined to be a career offender under United States Sentencing Guidelines § 4B1.1(a). [Record No. 73, p. 6] His total offense level was calculated as 31, while the career-offender designation resulted in a criminal history category of VI. [*Id.* at pp. 6-7] Clark's advisory guidelines range of imprisonment for the conspiracy offense was 188 to 235 months. [*Id.* at p. 7] Additionally, the properly-calculated guidelines range for the supervised release violation was 24 to 30 months' of imprisonment. [*Id.* at p. 14]

The undersigned imposed a total sentence of 214 months' imprisonment which consisted of 187 months for the conspiracy conviction and 27 months for the supervised release violation. [Record No. 61] The sentence was warranted by the factors contained in 18 U.S.C. § 3553(a). [Record No. 73, pp. 14-16] Specifically, the undersigned noted the seriousness of the offense, Clark's criminal history and designation as a career offender, and the need to promote respect for the law and provide adequate deterrence to criminal conduct. [*Id.*] Particular emphasis was placed on Clark's leadership role in the conspiracy. Ultimately, 214

months was determined to be sufficient, but not greater than necessary, to accomplish the sentencing purposes set forth in § 3553(a). [*Id.* at p. 17] Clark did not appeal his sentence.

## II. Legal Analysis

### A. Extraordinary and Compelling Reasons

Courts faced with a motion for a sentence reduction generally proceed in two steps. First, a court must determine whether a defendant is eligible for a sentence reduction—i.e., whether an exception to the general rule that a "court may not modify a term of imprisonment once it has been imposed" exists. 18 U.S.C. § 3582(c). Second, a court considers whether, in its discretion, a reduction would be appropriate by looking to the factors listed in § 3553(a).

Accordingly, when a prisoner files a motion under 18 U.S.C. § 3582(c)(1)(A)(i), a sentencing court considers whether: (1) extraordinary and compelling circumstances merit a sentence reduction; and (2) the applicable [18 U.S.C.] § 3553(a) factors warrant such a reduction."[3] *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020); *United States v. Ruffin*, 978 F.3d 1000, 1006–07 (6th Cir. 2020)). The statute does not define the precise circumstances that merit a sentence reduction. Instead, the Sixth Circuit has concluded that courts may "define 'extraordinary and compelling' on their own initiative." *United States v. Elias*, 984 F.3d 516, 519-20 (6th Cir. 2021). But where the answer to either question is "no," a court must deny the motion for a sentence reduction. *See United States v. Tomes*, 990 F.3d 500, 504 (6th Cir. 2021) (A court

---

[3] The Court initially must be satisfied that the movant has complied with the statutory exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A)(i) (directing that a prisoner may move for a reduction after "the lapse of 30 days from the receipt of [a sentence reduction] request by the warden of the defendant's facility"). Here, Clark submitted a request for a sentence reduction to the warden of his facility on April 29, 2021, and he contends that he has not received a response. [Record No. 98-3, p. 1]

"must find that the defendant satisfies *all* [] of § 3582(c)(1)(A)'s prerequisites.") (emphasis in original).

But what if, like here, a defendant contends that a subsequent, non-retroactive change in the law would affect his sentence if he were sentenced today? Does the change affect a court's consideration of the defendant's eligibility for a sentence reduction, or does it factor into a court's discretionary inquiry into the extent of a reduction?

Clark presses the former approach. He contends that there now exists a "gross disparity created by recent [Sixth] Circuit precedents" that affected his eligibility for the career-offender enhancement. [Record No. 98-3, p. 4 (typeface altered)] As previously indicated, Clark's prior convictions led to a sentence enhancement based on his designation as a career offender under the Guidelines. Section 4B1.1 provides that

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). A "controlled substance offense" is defined as

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b). The application notes to section 4B1.2 further state that a "controlled substance offense" includes "the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." U.S.S.G. § 4B1.2 cmt. n. 1. Clark acknowledged that the career-

offender designation was proper at the time of his sentencing hearing. [*See* Record No. 73, p. 6]

Nearly seven years after Clark's sentence was imposed, the Sixth Circuit held that "attempt crimes do not qualify as controlled substance offenses" under section 4B1.1(a). *United States v. Havis*, 927 F.3d 382, 387 (6th Cir. 2019) (en banc). Thus, if Clark were sentenced today, his conspiracy offenses would not qualify as predicate offenses for the career-offender enhancement. *United States v. Cordero*, 973 F.3d 603, 626 (6th Cir. 2020) ("[I]n light of *Havis*, conspiracy to distribute controlled substances is not a 'controlled substances offense' under § 4B1.2(b)."). Thus, he contends that the sentencing "disparity" created by *Havis* constitutes an extraordinary and compelling reason for a sentence reduction. Clark invokes the Court's discretion to define extraordinary and compelling reasons and seeks a reduction of his sentence to reflect the decision in *Havis*. [Record No. 98-3, p. 7]

But Clark puts the cart before the horse. *Havis* is non-retroactive and does not entitle Clark to resentencing. In the collateral-review setting, the Sixth Circuit has repeatedly recognized that "*Havis* is not a new rule of constitutional law that the Supreme Court has made retroactive." *Alexander v. United States*, No. 19-4005, 2020 WL 6111201, at *2 (6th Cir. June 30, 2020); *see also Bullard v. United States*, 937 F.3d 654, 657 (6th Cir. 2019) ("*Havis* provides no relief on collateral review."). Although Clark has not lodged a collateral attack on his sentence, the Sixth Circuit has also indicated that intervening precedents concerning the Guidelines are not, in and of themselves, extraordinary and compelling reasons that make a defendant eligible for a sentence reduction. *United States v. Jarvis*, No. 20-3912, 2021 WL 2253235, at *3 (6th Cir. June 3, 2021) (citing *United States v. Maxwell*, 991 F.3d 685, 689 (6th Cir. 2021)). Following the approach outlined above, a defendant must first "show *some other*

'extraordinary and compelling' reason for a sentencing reduction." Then, a court may "consider sentencing law changes . . . in balancing the § 3553(a) factors" to determine the appropriate sentence. *Id.* (emphasis added).

*Maxwell* illustrates the point. There, like here, a defendant was sentenced as a career-offender, and a conspiracy controlled-substances offense served as a predicate offense for the designation. *Maxwell*, 991 F.3d at 687. Much later, the First Step Act of 2018 empowered district courts to "to lower sentences imposed for crack-cocaine offenses 'as if' the 2010 Fair Sentencing Act (and its lowering of the sentence for [the defendant's] cocaine offense) had been the law during the original sentencing hearing." *Id.* (citing Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018)).

Maxwell moved to reduce his sentence based on provisions of the First Step Act. Unlike in the present matter, it was clear that Maxwell was eligible for a sentence reduction based on the retroactive amendment. But a question remained over how the district court was to treat the non-retroactive changes to the career-offender designation. *Id.* Must it, as Maxwell urged, consider *all* changes to the law since the original sentence was imposed and calculate the defendant's Guidelines advisory range anew, thereby conducting a plenary resentencing? This approach would have required the Court to consider not only the change wrought by the First Step Act, but "subsequent changes in other areas of the law since [the defendant's] 2010 sentencing, including changes to his career-offender designation." *Maxwell*, 991 F.3d at 689. And, under Maxwell's approach, these considerations would have come *before* the Court exercised its discretion to determine whether a reduction was warranted.

This Court refused to conduct a plenary resentencing. *United States v. Maxwell*, 2020 WL 3472913, at *2 (E.D. Ky. June 25, 2020). Instead, it noted that, "while Maxwell is eligible

for a sentence reduction, he is not entitled to it and reducing his sentence would not be appropriate" under the § 3553(a) factors. *Id.* The undersigned concluded that the "non-retroactive changes in the law may be considered as part of the § 3553(a) analysis," but not as a factor in the Guidelines calculations. *Id.* at *3. The Sixth Circuit affirmed and, in doing so, clarified what a district court must consider when faced with a motion to reduce a sentence. It held that, "when determining the guidelines range that will form the basis for [a] reduced sentence[,]" a court should "alter just one variable in the original sentence[, the retroactive amendment in the First Step Act], not all variables." *Maxwell*, 991 F.3d at 689. It concluded:

> All told, our decisions and most of our sister circuits permit defendants to raise these intervening developments, *such as changes to the career-offender guidelines*, as grounds for reducing a sentence, and they permit (but do not require) district courts to consider these developments *in balancing the § 3553(a) factors* and in deciding whether to modify the original sentence.

*Maxwell*, 991 F.3d at 692 (emphasis added). The "key impact" of the court's decision "is that a [district court] . . . has discretion not to recalculate the guidelines to account for intervening legal developments." *Id.*

In other words, absent a retroactive directive, *Maxwell* holds that a court faced with a motion for a sentence reduction is not required to apply current sentencing standards to the motion. And in *Jarvis*, the Sixth Circuit demonstrated that an "analogous approach works" for section 3582(c)(1)(A)(i) motions. 2021 WL 2253235, at *3. There, a defendant moved for "what has come to be known as [] 'compassionate release'" based on non-retroactive amendments to the Guidelines wrought by the First Step Act. *Id.* at *1. Like here, the defendant did not claim that he was *eligible* for a sentence reduction *per se*, but instead argued that subsequent, non-retroactive changes constituted extraordinary and compelling reasons for a sentence reduction. *Id.*

The Sixth Circuit lumped such legal developments in with "intervening case law about the Guidelines" and other "sentencing law changes," holding that they were proper considerations for "balancing the § 3553(a) factors." *Id.* at *3. The court emphasized that such changes were not, "whether by themselves or together with other factors, [considered] 'extraordinary and compelling' explanations for a sentencing reduction." *Id.* (citing *Tomes*, 990 F.3d at 505).

Given this authority, it is clear that Clark skips an important step in this case. To proceed to a consideration of *Havis'* impact on the propriety of Clark's sentence today, the Court must first be satisfied that extraordinary and compelling reasons warrant a reduction. *Jarvis*, 2021 WL 2253235, at *3 ("[D]istrict courts may consider non-retroactive [changes] . . . once an inmate has met the threshold requirements for relief under the compassionate release statute."). And Clark has made no argument that would allow the Court to proceed beyond that consideration. In short, *Havis* does not create a "disparity" in his sentence as a matter of law, and the fact that his sentence remains properly calculated is not a reason for a sentence reduction.

Setting aside Clark's *Havis* argument, he presents no other legitimate circumstances that would constitute an extraordinary and compelling reason for a sentence reduction, either under the applicable policy statements or within the Court's discretion. *See* U.S.S.G. 1B1.13 cmt. n. 1; *see also Tomes*, 990 F.3d at 503 n.1 (Courts may "permissively consider" the policy statements "as part of its discretionary inquiry into whether a case presents extraordinary and compelling reasons for release."). Clark concedes that he "does not meet" the policy statement's "criteria[] for compassionate rel[ease]." [Record No. 98-3, p. 5] Elsewhere, he indicates that he takes medications to control hypertension and his cholesterol levels, but he

- 8 -

does not contend that his medical condition warrants a reduction in his sentence. [Record No. 98-1, p. 4] But even if he had, these are not conditions that "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. 1B1.13 cmt. n. 1(A). Therefore, Clark has not demonstrated that an extraordinary and compelling reason supports his motion for a sentence reduction.

B.     The § 3553(a) Factors

Assuming Clark had demonstrated extraordinary and compelling reasons, a sentence reduction would be unwarranted. "Section 3553(a) blankets a vast terrain of sentencing factors, such as the nature of the offense, the characteristics of the defendant, and numerous penological objectives." *Jones*, 980 F.3d at 1114. A court "should consider all relevant § 3553(a) factors before rendering a compassionate release decision," but it need not balance the factors anew where the "record *as a whole* demonstrates that the pertinent factors were taken into account." *Id.* (emphasis in original).

Here, the Court's prior § 3553(a) analysis remains accurate. [*See* Record No. 73, pp. 13-16.] Clark was involved in significant drug trafficking activities. He led a conspiracy to distribute drugs by directing individuals to obtain lawful prescriptions under false pretenses, then facilitated the unlawful distribution of those drugs in another state. A lengthy sentence was (and is) needed to reflect the seriousness of the crime and to provide just punishment for the offense. The Court also continues to have concerns about Clark's risk of recidivism based on his prior actions. As previously indicated, the instant offense was committed while he was on supervised release for a prior drug trafficking conspiracy offense.

Moreover, had Clark properly demonstrated that a reduction was warranted, *Havis* would not impact the Court's balancing of the § 3553(a) factors. The Sixth Circuit has

indicated that non-retroactive legal developments may serve to inform courts about "up-to-date notions about the risk of recidivism" in a particular case or alter a court's analysis of the "community safety factor." *Maxwell*, 991 F.3d at 691; *Jarvis*, 2021 WL 2253235, at *3. But the change wrought by *Havis* does not provide the Court with any such context. In that case, the Sixth Circuit relied on principles of administrative law to determine that the United States Sentencing Commission had overstepped its role by improperly adding a predicate offense not listed in the career-offender Guideline. *Havis*, 927 F.3d at 386. No sentencing policy relevant to the Court's § 3553(a) analysis underscored that decision. Thus, the Court is left with the mere fact that Clark's sentence might be different if he had committed the underlying offense in 2021 instead of 2011. But the passage of time alone rarely impacts the Court's analysis of the necessity or sufficiency of a sentence, and nothing about Clark's case justifies an exception to that practice.

### C. Other Requests

Clark also requests appointed counsel to help him pursue a sentence reduction. However, there is no constitutional right to counsel in a proceeding under 18 U.S.C. § 3582(c). *See United States v. Bruner*, 2017 WL 1060434, at *2 (E.D. Ky. March 21, 2017); *United States v. Johnson*, 2016 WL 10704239, at *3 (6th Cir. 2016) (observing that there has been no historical right to counsel in proceedings under § 3582(c)(2)). Instead, appointment of counsel is discretionary and it is only warranted where a defendant makes a showing that it would be necessary.

Clark has made no effort to demonstrate that appointment of counsel would be necessary in this matter. He merely checked a box on a form motion and provided no additional support. [Record No. 98, p. 6] Additionally, as the Court recognized in another

compassionate-release case, "the issues for resolution are clear and the defendant has demonstrated an ability to articulate them with supporting arguments." *United States v. Kirby*, 2021 WL 134601, at *3 (E.D. Ky. Jan. 13, 2021). Thus, his request will be denied.

Finally, Clark requests that his motion be sealed. He does not provide any support for his request to seal the documents, as the Court has directed him to do in the past. [*See* Lexington Record No. 140.] Nevertheless, the Court's review of the documents does not indicate that sealing them in their entirety would be appropriate. Specifically, only one of the attachments, Clark's proposed release plan, contains private medical information.

Accordingly, it is hereby

**ORDERED** as follows:

1. The defendant's motion for a sentence reduction [Record No. 98] is **DENIED**.

2. The defendant's motion for appointment of counsel [Record No. 98] is **DENIED**.

3. The defendant's motion to seal [Record No. 98] is **GRANTED**, in part. The Clerk of the Court is directed to maintain under seal Record Number 98-1. The motion is denied regarding the motion itself, Record Number 98, and the remainder of the attachments, Record Numbers 98-2, 98-3, and 98-4.

Dated: June 23, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky